**PAINTER et al. v. POWELL et al.**
**(No. 9035.)**

Court of Civil Appeals of Texas. Galveston.
Nov. 23, 1927.

Husband and wife ⚖️238(3)—Where husband had joined in wife's deed merely as matter of form, personal judgment against him for breach of warranty held erroneous (Rev. St. 1925, art. 1985).

Where wife had conveyed her separate property by deed, in which her husband had joined merely as a matter of form, in action against husband and wife claiming breach of warranty of title, personal judgment against husband for breach of warranty *held* erroneous, in view of Rev. St. 1925, art. 1985, providing that husband shall be joined in suits for separate debts against wife, but no personal judgment shall be rendered against husband.

Appeal from District Court, Houston County: Ben F. Dent, Judge.

Suit by the State against S. J. Powell for taxes on land. By cross-action, defendant vouched in J. H. Painter and others. Judgment for defendant as against the named cross-defendant, and such defendant and others appeal. Reversed and rendered as concerns appellant J. H. Painter.

J. H. Painter, of Houston, for appellants.
Madden & Denny, of Crockett, for appellees.

GRAVES, J. In so far as material here, this suit was one by the state against appellee Powell for taxes for the years 1911–1915 on some land in Houston county; by cross-action he vouched in Mrs. L. W. and J. H. Painter, husband and wife, among other cross-defendants, upon a warranty of title to the land contained in a deed thereto which Mrs. Painter had previously executed when conveying the land as her separate property, and in which her husband had only joined in a purely pro forma capacity.

The trial court, sitting without a jury, after first dismissing the cross-action as against Mrs. Painter on the recited ground that she was a married woman and not liable, awarded appellee Powell a judgment thereon against J. H. Painter alone for the ascertained amount of the taxes, $167.72, as upon the covenant of warranty so appearing in the deed from his wife, in which he as her husband had thus joined merely as a matter of form.

The undisputed evidence showed that the land at the date of this conveyance from her, as well as at all other times, had been the separate property of Mrs. Painter, and that her husband had never owned any interest in it or in the proceeds of its sale under the deed referred to.

Under the undisputed facts, in our opinion, this judgment against the husband, J. H. Painter, cannot stand, being in direct contravention of our statute article 1985 (Rev. St. 1925), reading as follows:

"The husband shall be joined in suits for separate debts and demands against the wife, but no personal judgment shall be rendered against the husband."

The facts having been fully developed, the trial court's decree, in so far as it affects appellant J. H. Painter, has been reversed and the cause rendered in his favor, the award to him below of a like amount for the same taxes against his codefendant T. J. Hackett

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

falling along with it. In other respects, the judgment, not being before us, remains unaffected.

Reversed and rendered as concerns appellant J. H. Painter.